METROPOLITAN LIFE INSURANCE COMPANY
*v.* HERMAN, ADMINISTRATOR.

[No. 27,028.  Filed May 31, 1938.]

*Wallace, Randall & Wallace,* for appellant.

*Randolph Mayes,* and *Ernest C. Cordel,* for appellees.

FANSLER, J.—The appellant issued to Henry Herman a $500 industrial insurance policy upon his life for a premium of 54 cents per week. The policy was issued on October 17, 1932, and the insured died on November 3, 1932, after the payment of one premium. This action was brought by Fred Herman. The appellee was made a defendant and filed a cross-complaint, after which Fred Herman's action was dismissed. The appellant filed three paragraphs of answer, a general denial and two affirmative paragraphs, and two paragraphs of cross-complaint. There was a trial by the court, special findings of fact, conclusions of law, and judgment for the appellee for the face of the policy and interest.

Error is assigned upon the overruling of appellant's motion for a new trial, and upon the conclusions of law.

The third paragraph of answer relies upon a provision of the policy to the effect that if "the insured . . . has within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any . . . disease of

the heart, liver or kidneys, unless such . . . is specifically recited in the 'Space for Endorsements' on page 4 in a waiver signed by the Secretary or an Assistant Secretary . . . then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy, except in the case of fraud, in which case all premiums will be forfeited to the Company." It is alleged that the insured represented in his application that he had never had any disease of the heart or rheumatism; that he had not received treatment from, or been under the care of, a physician within two years prior to the date of the application, and that he was in sound health; that the insurer relied upon these representations and issued the policy; that the representations were false; that at the time of the application and the issuance of the policy, and for a long period prior thereto, the insured had endocarditis and rheumatism, and that he died of those ailments; that he had received treatment from a physician, within two years prior to the date of the application, for endocarditis and rheumatism; that the insured had paid 54 cents premium on the policy; and that the answer is directed to "all claims and demands" in the cross-complaint over and beyond the sum of 54 cents. There was a prayer that the cross-complainant take nothing beyond a judgment for 54 cents and the costs of the action.

There is no controversy about the facts. It is clear that the insured was afflicted with endocarditis and rheumatism at the time the policy was issued, and for a long time prior thereto, and that he had received treatment from a doctor for the relief of those ailments within two years prior to the issuance of the policy, and that he misrepresented those material facts in the application. The court concluded that the "law and equity are

with" the cross-complainant, who is the appellee here.

The appellee, in the brief, sets out a written opinion prepared by the trial judge, which discloses the theory upon which the court's conclusion is based. In this opinion it is assumed that the insurance company was relying upon a rescission of the contract; that, conceding the right to rescind, in order to take advantage of it, the insurance company was required to give notice of the rescission, and either tender back the premium, or, perhaps, as a condition to maintaining its bill in equity, offer to abide by whatever order the court might make in respect to the return of the premium; that "it may well be, that the insurer has both of these remedies, but the Court is of the opinion that whichever one of these remedies the insurer may decide to invoke, that he must act seasonably, and within a reasonable time after the discovery of the fraud"; that the facts disclose that the company did not act seasonably; and that therefore the contract must be considered ratified and the fraud waived.

But the third paragraph of answer does not rely upon a rescission or an election to declare the policy void. All of the material allegations of this paragraph of answer are expressly found to be true, and, if the paragraph states a good defense against any recovery beyond 54 cents, the judgment is wrong and the conclusions of law erroneous.

There was no demurrer to this paragraph of answer. The provision of the policy quoted in the answer provides that, in case of misrepresentation of a material matter such as here involved, "the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy, except in the case of fraud, in which case all premiums

will be forfeited to the Company." The answer does not rely upon a rescission of the policy. It alleges no "declaration" by the company that the policy is void, nor does it rely upon a forfeiture of the premiums, but there is the provision that, where there are such material misrepresentations, "the liability of the Company . . . in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy." There is a claim under the policy, and no good reason is suggested why the appellant may not waive its right to declare the policy void, waive its right to the forfeiture of the premium, and rely upon the express provision that, in the case of such claim, where there have been substantial misrepresentations, the claim *under this policy* shall be limited to the return of the premiums paid. Surely there is no equitable reason for striking down such a clause in favor of those who are asserting the claim in the right of the one who procured the policy through material false representations. The appellee argues that if there was fraud on the part of the insured, he could not take advantage of it and recover the premium, and where the policy is voidable at the election of the insurer, the insured cannot declare the policy void and recover the premiums, and that, if the insured cannot maintain a suit for the premiums under the contract, where he has been guilty of fraud, or where the policy is voidable only and not void, the provision in the policy relied upon would be applicable only when the insured or his representative was bringing suit on the policy where the insured was innocent and in good faith; that, where the insured was in good faith, he could collect the face of the policy; that therefore, since he can collect the face of the policy or nothing, the recovery cannot be limited to the return of the premiums. But this reasoning overlooks the express provision of the contract. The conditions inserted in the policy, to be effective in the event of material misrepre-

sentation, were obviously for the benefit and protection of the insurer. It was not contemplated that the insured might elect, upon his misrepresentations being discovered, whether the insurer could declare the policy void or choose to retain the premiums. Clearly it is for the insurer to decide. Its waiver of its right to declare the policy void, or to assert a forfeiture of the premium, has not injured the insured or those claiming under him. If the insurer has chosen the lesser of its remedies, it cannot be said that the express provision of the policy does not contemplate that it should have that right. No basis is seen for the application of any doctrine of estoppel or laches, since there is no injury to the insured or his representatives, and they are deprived of no right, nor does the insurer have advantage of any right or defense that was not clearly intended and granted by the express words of the contract. The action here was brought, and the defense asserted, within two years. Nothing herein should be interpreted as indicating that a clause limiting liability to a return of premiums, in case of material misrepresentations, would authorize such a defense after the expiration of the two-year period.

Judgment reversed, with instructions to restate the conclusions of law in conformity herewith, and render judgment against the defendant for 54 cents and costs.